A CERTIFIED TRUE COPY

ATTEST

**By Dana Stewart on Jul 17, 2009**

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED

2009 JUL 17  PM 2: 25

U.S. DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO. FLORIDA

**UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**Jul 01, 2009**

FILED
CLERK'S OFFICE

**IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION**

MDL No. 1769

(SEE ATTACHED SCHEDULE)

FILED

AUG 1 3 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**CONDITIONAL TRANSFER ORDER (CTO-87)**

On July 6, 2006, the Panel transferred 87 civil actions to the United States District Court for the Middle District of Florida for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 447 F.Supp.2d 1376 (J.P.M.L. 2006). Since that time, 803 additional actions have been transferred to the Middle District of Florida. With the consent of that court, all such actions have been assigned to the Honorable Anne C. Conway.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Middle District of Florida and assigned to Judge Conway.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Middle District of Florida for the reasons stated in the order of July 6, 2006, and, with the consent of that court, assigned to the Honorable Anne C. Conway.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Middle District of Florida. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

**Jul 17, 2009**

CLERK'S OFFICE
UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

I certify the foregoing to be a true
and correct copy of the original.
SHERYL L. LOESCH, Clerk
United States District Court
Middle District of Florida

By: _____
Deputy Clerk

**IN RE: SEROQUEL PRODUCTS LIABILITY LITIGATION**                    MDL No. 1769

## SCHEDULE CTO-87 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**                    **CASE CAPTION**

**ALABAMA NORTHERN**
ALN  2  09-1088                    Deborah Pratt v. AstraZeneca Pharmaceuticals, LP, et al.
ALN  2  09-1106                    Wayne Williams v. AstraZeneca Pharmaceuticals, LP, et al.

**CALIFORNIA NORTHERN**
CAN  5  09-2410                    Larry Howard v. AstraZeneca Pharmaceuticals, LP, et al.

**CALIFORNIA SOUTHERN**
CAS  3  09-1184                    Timothy Costilow v. AstraZeneca Pharmaceuticals, LP, et al.

**MINNESOTA**
MN  0  09-1415                    Lisa Batchelor v. AstraZeneca Pharmaceuticals, LP, et al.
MN  0  09-1417                    Annie Roden v. AstraZeneca Pharmaceuticals, LP, et al.

**TEXAS EASTERN**
TXE  1  09-144                    Gloria Garcia, etc. v. AstraZeneca Pharmaceuticals, LP, et al.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
George C. Young U.S. Courthouse
and Federal Building
Office of the Clerk
401 W. Central Boulevard, Suite 1200
Orlando, Florida  32801
407/835-4200

Sheryl L. Loesch                                                                              Tammy Tornus
Clerk                                                                                  Orlando Division Manager

July 22, 2009

Mr. Richard W. Wieking, Clerk
United States District Court
Phillip Burton United States Courthouse
450 Golden Gate Avenue, Box 36060
San Francisco, CA 94102-3434

RE:    MDL-1769 – In Re: Seroquel Products Liability Litigation

Dear Mr. Wieking:

Enclosed is one certified copy of an order filed by the Panel under 28 U.S.C. § 1407.  Section 1407 requires that the transferee clerk "transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."  A copy of Rule 1.6, R.P.J.P.M.L., 120 F.R.D. 251, which deals specifically with the transfer of files, is enclosed for your convenience.

Please either send your original file below and a certified copy of the docket sheet to this address: **U.S. District Court, Office of the Clerk, 401 West Central Blvd., 120, Orlando, FL, 32801-0120;** or, if the case is completely electronic and all documents can be retrieved from PACER, you can email a cover letter and certified docket sheet to me at **Lisa_Maurey@flmd.uscourts.gov** and Mollie Pleicones at **Mollie_Pleicones@flmd.uscourts.gov.**

Due to the large volume of cases, we are not using the CM/ECF inter-district transfer feature for the transfer of MDL cases.  Also because of the large volume of cases, it will be very much appreciated if you can be sure to reference the Middle District of Florida's case number on each of your cases.

If you have any questions, please contact me at 407-835-4217.

Sincerely,

Lisa A. Maurey,
Deputy Clerk

Enclosures
c:    Michael J. Beck, Clerk, MDL Panel

| CASE STYLE | NDCA CASE NUMBER | MD FL CASE NUMBER |
|---|---|---|
| Howard v. AstraZeneca | 5:09-cv-2410 | 6:09-cv-1262-Orl-22DAB |

RULE 1.6:    TRANSFER OF FILES

(a)    Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and certified copy of the docket sheet for each transferred action.

(b)    If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. § 1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. § 1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

(c)    If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

(d)    Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and sent to the clerk of the transferor district court the following:
    (i)    a certified copy of the individual docket sheet for each action being remanded;
    (ii)    a certified copy of the master docket sheet, if applicable;
    (iii)   the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;
    (iv)   a certified copy of the final pretrial order, if applicable; and
    (v)    a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have ben stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand.  It shall the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

(e)    The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.